IN THE SUPREME COURT OF BERMUDA
CIVIL JURISDICTION
2006: No. 33



B E T W E E N:

MUTUAL HOLDINGS (BERMUDA) LIMITED

Plaintiff

and

SINCLAIR-DWYER AND COMPANY, INC.

Defendant

SPECIALLY ENDORSED WRIT OF SUMMONS

ELIZABETH THE SECOND, by the grace of God of the United Kingdom of Great Britain and Northern Ireland and Our other Realms and Territories Queen Head of the Commonwealth, Defender of faith.

TO:

Sinclair-Dwyer and Company
231 Sansone Street
San Francisco, CA 94104
USA

WE COMMAND YOU that within 14 days after the service of the writ on you, inclusive of the day of such service, you do cause an appearance to be entered for you in an action at the suit of Mutual Holdings (Bermuda) Limited, and take notice that in default of your so doing the Plaintiff may proceed herein and judgment may be given in your absence.

WITNESS the Honourable Richard Ground Q.C., Justice of our said Court, this 1st day of February 2006.

NOTE – This writ may not be served more than twelve calendar months after the above date unless renewed by Order of the Court.

1

## DIRECTIONS FOR ENTERING APPEARANCE

The Defendant may enter an appearance in person or by an attorney either (1) by handing in the appropriate forms, duly completed, at the Registry of the Supreme Court at Sessions House, Parliament Street, Hamilton, Bermuda or (2) by sending them to the Registry by Post.

NOTE – If the Defendant enters an appearance, then, unless a summons or judgment is served on him in the meantime, he must also serve a defence on the attorneys for the Plaintiff within fourteen days after the last day of the time limit for entering an appearance, otherwise judgment may be entered against him without notice.

## STATEMENT OF CLAIM

1. The Plaintiff, Mutual Holdings (Bermuda) Limited ("**Mutual Holdings**"), is a company incorporated under the laws of Bermuda, part of a group which inter alia writes and provides rent-a-captive facilities.

2. Mutual Indemnity (Bermuda) Limited ("**Mutual Indemnity**") is a company incorporated under the laws of Bermuda and is a wholly owned subsidiary of the Plaintiff.

3. The Defendant, Sinclair-Dwyer and Company, Inc. ("**Sinclair**"), is a company organized and existing under the laws of the State of California, with its principal place of business in San Francisco, California, USA. Sinclair is an insurance agency which, at all material times from at least 1999, engaged in the business of marketing and servicing policies of insurance.

4. In or about January 1999, Sinclair entered into an Insurance Profit Centre rent-a-captive programme provided by Mutual Holdings and Mutual Indemnity; and, in or about January 2001, Sinclair subdivided that programme into three new Insurance Profit Centre rent-a-captive programmes provided by Mutual Holdings and Mutual Indemnity (together "**the Programmes**").

5. The arrangements made under the Programmes were :-

   a) An affiliate of Mutual Holdings, Legion Insurance Company, Legion Indemnity Company and/or Villanova Insurance Company (collectively "**Legion**"), issued insurance policies to Sinclair's clients (the insureds).

   b) Mutual Indemnity reinsured certain of the liabilities of Legion under these policies by reinsurance agreements or treaties.

   c) Mutual Holdings and Sinclair entered into four Shareholder Agreements one which took effect from 1 January 1999 and three which took effect from 1 January 2001 ("**the Shareholder Agreements**").

   d) By the terms of the Shareholder Agreements it was expressly agreed as follows :-

      i) Sinclair would purchase non-voting preference shares in Mutual Holdings designated Series "K33", "D37", "E37" and "F37" for $1,000.00 each ("**the Preference Shares**").

ii)  Mutual Holdings would repurchase the Preference Shares from Sinclair on the "redemption date" as defined in the Shareholder Agreements.

iii) Mutual Holdings would cause a dividend to be declared to Sinclair in respect of the Preference Shares calculated in accordance with clause 2 of the Shareholder Agreements.

iv)  Clause 5 of the Shareholder Agreements provided that in certain events therein defined, Mutual Holdings would pay to Sinclair additional dividends in respect of the period after the redemption dates.

v)   Clause 3(A) of the Shareholder Agreements provided :-

"[Sinclair] hereby indemnifies and holds [Mutual Holdings] and [Mutual Indemnity] harmless against the cumulative sum of paragraphs 2(A), 2(B) and 2(C) minus the cumulative amount of dividends paid, being less than zero at any point in time.

On receipt of each written demand by [Mutual Holdings] or [Mutual Indemnity], [Sinclair] agrees to pay [Mutual Holdings] or [Mutual Indemnity] within 30 days . . . the amount by which the cumulative sum of the amounts calculated under paragraphs 2(A),

2(B) and 2(C) minus the cumulative amount of dividends paid pursuant to this Agreement, are less than zero minus all previous payments under this paragraph provided however that the definition of incurred losses and loss expenses in paragraph 2(C) shall for this purpose only include losses and loss expenses which have been paid or are likely to be paid within the following 90 days."

vi) Clause 3(B) of the Shareholder Agreements provided:-

"As security for this obligation [Sinclair] hereby agrees to provide to [Mutual Indemnity] upon execution of this Agreement collateral (hereinafter referred to as the "Security Deposit") in the form of a clean irrevocable letter of credit in the amount as shown in Appendix 1 drawn on a bank acceptable to [Mutual Indemnity] or substitute cash collateral. [ ] Thereafter, [Sinclair] agrees, during the period of the Policy and for so long thereafter as [Mutual Indemnity] has any outstanding or potential liability under the terms of the Treaty to keep such letter of credit in force or to substitute cash collateral prior to the expiration of such letter of credit. If cash collateral is provided, interest earned on such collateral, less the applicable administrative fee as shown in appendix 1, will be included as a dividend pursuant to Sections 2(B) and (5) hereof.

          The provisions of this paragraph (3) shall survive the redemption of the Preferred Share under termination of this Agreement."

    vii)    Clause 10 the Shareholder Agreements provided:-

          "This agreement has been made and executed in Bermuda and shall be exclusively governed and construed in accordance with the laws of Bermuda and any dispute concerning this Agreement shall be resolved exclusively by the courts of Bermuda.

6.    The Shareholder Agreement for the K33 Preferred Share was formally executed by the parties. The Shareholder Agreements for the D37, E37 and F37 Preferred Shares were not formally executed, although these Shareholder Agreements were sent to Sinclair for execution and, in accordance with Clause 3(B) of the Shareholder Agreements, Sinclair provided Mutual Indemnity with cash collateral in the aggregate amount of US$1,288,796.02 as security for its obligations under all the Shareholder Agreements.

7.    Under an Insurance and Reinsurance Partial Settlement and Commutation Agreement and Limited Release dated 23 April 2003 between the Insurance Commissioner of the Commonwealth of Pennsylvania in her capacity as Rehabilitator of Legion (Legion having been placed into rehabilitation by order of the Commonwealth Court of Pennsylvania dated 28 March 2002 and subsequently into liquidation by order of the same court effective 28 July 2003), Mutual

Indemnity commuted its reinsurance liabilities to Legion with respect to the Programmes as at 31 December 2001.

8. Pursuant to the said commutation, Mutual Indemnity has paid Legion $7,671,915 in respect of the losses on the Programmes.

9. Following the said payment, the exposure of Mutual Indemnity to losses on the Programmes has been capped and has crystalised. Mutual Indemnity has no on-going liability to Legion with respect to the Programmes.

10. By letters dated 13 August 2003, Mutual Holdings and/or Mutual Indemnity demanded that Sinclair indemnify them in accordance with each of the Shareholder Agreements for the sums paid by Mutual Indemnity to Legion pursuant to said commutation. To date, Sinclair has not responded to these letters.

11. The sum currently due and payable by Sinclair under the Clause 3(A) of the Shareholder Agreements is US$2,441,088. This sum includes the amount paid pursuant to the commutation, less the cash collateral (and any investment income thereon) held by Mutual Indemnity and other funds (reinsurance premium and any investment income thereon) allocated to the Programmes and held by Mutual Indemnity, plus an overdraft interest charge pursuant to clause 2(B) of the Shareholder Agreements that continues to accrue in accordance with the terms

thereof. Sinclair has failed to pay the said sum (or any monies) to Mutual Holdings or to Mutual Indemnity pursuant to Clause 3(A) of the Shareholder Agreements.

12. By reason of the matters aforesaid, Mutual Holdings has suffered loss and damage.

13. Mutual Holdings is entitled to interest on all monies recoverable in this action, pursuant to Section 10 of the Interest and Credit Charges (Regulation) Act 1975 at the statutory rate: 7 per cent per annum.

### AND THE PLAINTIFF CLAIMS

1. US$2,441,088

2. Damages

3. Interest pursuant to Section 10 of the Interest and Credit Charges (Regulation) Act 1975

4. Costs

5. Further or other relief

Dated this 31st day of January 2006

_____
**CONYERS DILL & PEARMAN**

This writ was issued by Conyers Dill & Pearman of Clarendon House, 2 Church Street, PO Box HM666, Hamilton, Bermuda

Attorneys for Mutual Holdings (Bermuda) Limited

IN THE SUPREME COURT OF
BERMUDA
CIVIL JURISDICTION

2006: No.

B E T W E E N:

MUTUAL HOLDINGS (BERMUDA)
LIMITED

Plaintiff

and

SINCLAIR-DWYER AND COMPANY,
INC.

Defendant

---

SPECIALLY ENDORSED WRIT OF
SUMMONS

---

Conyers Dill & Pearman
Clarendon House
2 Church Street
Hamilton
Ref:DEC/331349/litdocs40905