MARK JOSEPH KENNEY (State Bar No. 87345)
MAUREEN A. RODGERS (State Bar No. 245876)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
E-mail: mjk@severson.com

Attorneys for Defendant
SINCLAIR-DWYER & COMPANY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUTUAL HOLDINGS (BERMUDA) LIMITED,<br><br>Plaintiff,<br><br>vs.<br><br>SINCLAIR-DWYER & COMPANY, INC.,<br><br>Defendant. | Case No.: C07-04505 JL<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF SINCLAIR-DWYER & COMPANY, INC.** |

Defendant SINCLAIR-DWYER & COMPANY, INC. ("Sinclair-Dwyer") answers the Complaint as follows:

1. Paragraph 1 sets forth a legal conclusion, and not a statement of plaintiff's claim subject to denial or admission.

2. Sinclair-Dwyer lacks information or belief sufficient to answer the allegation of paragraph 2 that there exists diversity of citizenship between the parties. Plaintiff's jurisdictional allegations do not sufficiently allege (and Sinclair-Dwyer is genuinely uncertain as to) plaintiff's current entity status, ownerships and affiliations so that a good faith determination can be made as to whether plaintiff enjoys diversity.

3. Sinclair-Dwyer admits the allegations of paragraph 3.

4. Sinclair-Dwyer lacks information or belief sufficient to answer the allegations of paragraph 4 and so denies those allegations.

5. Sinclair-Dwyer admits the allegations of paragraph 5.

6. Sinclair-Dwyer admits the allegations of paragraph 6.

7. Sinclair-Dwyer denies that any court in Bermuda has held a trial on the merits of any dispute between it and plaintiff. Except as so denied, Sinclair-Dwyer lacks information or belief sufficient to answer the allegations of paragraph 7 and so denies those allegations.

8. Sinclair-Dwyer denies the allegations of paragraph 8.

9. Sinclair-Dwyer admits that it has not satisfied any purported judgment rendered against it by any court in Bermuda. Except as so admitted, Sinclair-Dwyer admits the allegations of paragraph 9.

10. Sinclair-Dwyer admits that paragraph 10 describes the relief Plaintiff seeks in this matter.

11. Sinclair-Dwyer denies that Mutual Risk Management Limited owns Legion Insurance Company. As to the remaining allegations of paragraph 11, Sinclair-Dwyer lacks information or belief sufficient to answer those allegations so denies them.

12. Sinclair-Dwyer admits the allegations of paragraph 12.

13. As to paragraph 13, Sinclair-Dwyer admits the allegations of the first sentence, and denies the allegations of the remainder of paragraph 13.

14. Sinclair-Dwyer denies the allegations of paragraph 14.

15. Sinclair-Dwyer denies the allegations of paragraph 15.

16. Sinclair-Dwyer denies the allegations of paragraph 16.

17. Sinclair-Dwyer admits that it was authorized at some point by Legion to act as a broker in placing workers compensation insurance with Legion. Except as so admitted, Sinclair-Dwyer denies the allegations of paragraph 17.

18. Sinclair-Dwyer admits that it entered into an IPC arrangement involving Plaintiff and Mutual Indemnity in or around January, 1999. Except as so admitted, Sinclair-Dwyer denies the allegations of paragraph 18.

19. Sinclair-Dwyer admits that it executed a Shareholder Agreement designated “K33” in or about January, 1999 and that said Agreement included language substantially similar to that quoted in paragraph 19. Except as so admitted, Sinclair-Dwyer denies the allegations of paragraph 19.

20. Sinclair-Dwyer denies the allegations of paragraph 20.

21. Sinclair-Dwyer lacks information or belief sufficient to answer the allegations of paragraph 21 and so denies those allegations.

22. Sinclair-Dwyer lacks information or belief sufficient to answer the allegations of paragraph 22 and so denies those allegations.

23. Sinclair-Dwyer admits that it has refused to satisfy Plaintiff’s demands for payment, but otherwise denies the allegations of paragraph 23.

24. Sinclair-Dwyer admits the allegations of paragraph 24

25. Sinclair-Dwyer admits the allegations of paragraph 25.

26. Sinclair-Dwyer responds that paragraph 26 sets forth a legal conclusion, which is not subject to denial or admission.

27. Sinclair-Dwyer admits the allegations of paragraph 27.

28. Sinclair-Dwyer admits the allegations of paragraph 28.

29. Sinclair-Dwyer admits that the Wakefield Quinn firm withdrew its appearance in the Bermuda case on approximately March 15, 2007. Sinclair-Dwyer also admits that no other attorney subsequently entered an appearance for Sinclair-Dwyer in that matter. Except as so admitted, Sinclair-Dwyer denies the allegations of paragraph 29.

30. Sinclair-Dwyer admits that it did not appear, or arrange for anyone else to appear on its behalf, at any trial held in Bermuda on April 2, 2007. Except as so admitted, Sinclair-Dwyer lacks information or belief sufficient to answer the allegations of paragraph 30 and so denies those allegations.

31. Sinclair-Dwyer lacks information or belief sufficient to answer the allegations of paragraph 31 and so denies those allegations.

32. Sinclair-Dwyer lacks information or belief sufficient to answer the allegations of paragraph 32 and so denies those allegations.

33. Sinclair-Dwyer admits the allegations of paragraph 33.

34. Sinclair-Dwyer denies that it has failed to respond to the letter described in paragraph 34. Otherwise, Sinclair-Dwyer admits the allegations of paragraph 34.

35. Sinclair-Dwyer admits that it has not pursued any appeal respecting the purported judgment in Bermuda. Except as so admitted, Sinclair-Dwyer denies the allegations of paragraph 35.

36. Sinclair-Dwyer re-alleges its denials, admissions, and answers to paragraphs 1 through 36 of the complaint.

37. Sinclair-Dwyer denies the allegations of paragraph 37.

38. Sinclair-Dwyer denies the allegations of paragraph 38.

39. Sinclair-Dwyer denies the allegations of paragraph 39.

40. Sinclair-Dwyer denies the allegations of paragraph 40.

41. Sinclair-Dwyer denies the allegations of paragraph 41.

42. Sinclair-Dwyer denies the allegations of paragraph 42.

43. Sinclair-Dwyer re-alleges its denials, admissions, and answers to paragraphs 1 through 42 of the complaint.

44. Sinclair-Dwyer responds that paragraph 44 sets forth a legal conclusion, which is not subject to denial or admission.

45. Sinclair-Dwyer responds that paragraph 45 sets forth a legal conclusion, which is not subject to denial or admission.

Sinclair-Dwyer asserts the following affirmative defenses to the complaint:

**FIRST AFFIRMATIVE DEFENSE**
**(Mandatory Grounds For Non-Recognition of Foreign Judgment Under Cal Civ. Proc. Code §1713.4(a))**

1. In addition to denying categorically in its above ANSWER (incorporated here by reference) each of Plaintiff's specific allegations addressing suitability for recognition of the purported Bermuda judgment, Sinclair-Dwyer pleads that said judgment should not be recognized

in California because, among other things: (a) The purported judgment was not rendered under a system providing impartial tribunals or procedures compatible with due process of law; (b) The foreign court did not have personal jurisdiction over Sinclair-Dwyer, *inter alia* because Sinclair-Dwyer's limited appearance in that matter was involuntary and was for the purpose of protecting property threatened with seizure in the proceedings and of contesting the jurisdiction of that court; and (c) The foreign court did not have jurisdiction over the subject matter, *inter alia* because the agreements constituting the purported basis for its jurisdiction were illegal and obtained by extrinsic and intrinsic fraud.

**SECOND AFFIRMATIVE DEFENSE**
**(Discretionary Grounds For Non-Recognition of Foreign Judgment Under Cal Civ. Proc. Code §1713.4 (b))**

2. This Court should not recognize the purported judgment, *inter alia,* because: (a) Sinclair-Dwyer was not afforded sufficient notice of the proceedings, under the circumstances – particularly including hardships imposed directly by Plaintiff's wrongful conduct – to allow it to defend; (b) the judgment was obtained by extrinsic fraud; (c) the judgment conflicts with another final and conclusive judgment (not involving Sinclair-Dwyer) and binding upon Plaintiff in this matter, which was neither disclosed to Sinclair-Dwyer nor the Bermuda court; (d) The foreign proceeding was contrary to an agreement between the parties under which the dispute in question was to be settled otherwise than by said proceeding.

**THIRD AFFIRMATIVE DEFENSE**
**(Additional Grounds For Non-Recognition of Foreign Judgment – Cal Civ. Proc. Code §1713.7)**

3. This Court should not recognize the purported judgment, whether pursuant to Cal Civ. Proc. Code §1713 *et seq.*, or based upon comity or otherwise, because, *inter alia*: (a) the judgment could not have been obtained but for a scheme by Plaintiff and its alter egos, agents and/or co-conspirators, which victimized Sinclair-Dwyer as well as numerous other California citizens, including insurance agencies and insureds; (b) the scheme was fundamentally dependent upon unlawful, unfair and deceptive practices directly in violation of California laws and policies having no equivalent in the foreign jurisdiction; (c) the judgment was based upon supposed

written agreements which were either procured through extrinsic and intrinsic fraud or never executed or adopted by Sinclair-Dwyer; and (d) the purported agreements upon which the judgment was based were, as interpreted and applied, procedurally and substantively unconscionable under, and repugnant to, fundamental notions of essential fairness and due process held paramount under California law.  For all these reasons, recognition of the foreign judgment would directly contravene overriding California law and policy, while denial of recognition would work no comparable injury to the foreign jurisdiction or its legitimate citizens.

**FOURTH AFFIRMATIVE DEFENSE**
**(Failure to State a Cause of Action)**

4. The complaint fails to state facts sufficient to constitute any claim for relief against Sinclair-Dwyer.

**FIFTH AFFIRMATIVE DEFENSE**
**(Uncertainty)**

5. The complaint does not describe the claims against Sinclair-Dwyer with sufficient particularity and certainty to enable it to determine what defenses may exist.  Sinclair-Dwyer reserves the right to assert all defenses that may be pertinent to or arise from plaintiff's claims when their precise nature is ascertained.

**SIXTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

6. The damage alleged in the complaint resulted, in whole or in part, from the failure of plaintiff to mitigate its alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Waiver and Estoppel)**

7. The plaintiff has waived its right to seek the relief claimed by its own acts and omissions with reference to the subject matter of the complaint.  The plaintiff, by reason of its knowledge, statements, conduct, approval, authorization and ratification, is also estopped from recovery herein. Plaintiff's waiver was both knowing and voluntary, effected by the direct statements and actions of its apparent and actual agents and expressed before and after execution

of any written agreements now claimed to require a result contrary to those expressions. These same acts also estop plaintiff from claiming the outcome it seeks. These include, among other incidents, Plaintiff's numerous, unambiguous and specific assurances to Sinclair-Dwyer as to the intent and effect of the arrangements in question and as to its commitments regarding its own performance and that of its alter egos. These assurances were consistent with the reasonable understanding and expectations of Sinclair-Dwyer, and were explicitly demanded by and given to Sinclair-Dwyer – and reasonably relied upon by Sinclair-Dwyer - as an indispensable precondition to its decision to commence and continue doing business with plaintiff. Furthermore, these assurances were made in the context of plaintiff's knowledge of Sinclair-Dwyer's relative unfamiliarity with the business arrangements in question, and with the constitutional, regulatory, political, juridical and financial context of Bermuda – and included plaintiff's explicit assurances that neither Sinclair-Dwyer nor its customers would be disadvantaged thereby. Finally, these assurances and acts were materially and conclusively at odds with the claims plaintiff now makes as to the meaning and effect of its arrangements with Sinclair-Dwyer, and as to the parties' respective duties.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Laches)**

8. The claims of the plaintiff are barred, in whole or in part, by operation of the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

9. The claims of the plaintiff are barred, in whole or in part, by operation of the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

10. Recovery for any injury or damage to the plaintiff is barred by the applicable statute of limitations.

///

///

///

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Failure to Satisfy Conditions Precedent)**

11. Plaintiff failed to satisfy all conditions precedent to recovery, precluding its recovery in whole or in part.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Accord and Satisfaction)**

12. The claims of the plaintiff are barred, in whole or in part, by the doctrine of accord and satisfaction.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Comparative Fault)**

13. Plaintiff was at fault with respect to the matters alleged in the Complaint and its recovery, if any, should be barred or reduced in proportion to his comparative fault.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Res Judicata/Merger/Bar)**

14. All of Plaintiff's claims against Sinclair-Dwyer have been fully and finally resolved, and are merged with and barred by the final judgment obtained against Sinclair-Dwyer by its alter ego Legion Insurance Company in the Commonwealth Court of Pennsylvania, entitled *Diane Koken v. Sinclair-Dwyer & Company, Inc.*, Case No.: 29 MD 2007

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Setoff)**

15. Defendant is entitled to setoff against any obligation which may be owing plaintiff the amount of its claims against plaintiff and its alter egos arising from their concerted scheme to defraud and perpetuate unfair business practices upon defendant.

WHEREFORE, Sinclair-Dwyer asks that Plaintiff take nothing by reason of its Complaint, that this Court enter judgment for Sinclair-Dwyer denying any relief whatsoever to Plaintiff, for costs of suit, reasonable attorneys' fees and costs, and such other relief as the court deems just.

///

**DEMAND FOR JURY TRIAL**

Sinclair-Dwyer demands a trial by jury of all issues so triable.

DATED: October 18, 2007

SEVERSON & WERSON
A Professional Corporation

/s/ *Mark Joseph Kenney*

By: ______________________
Mark Joseph Kenney

Attorneys for Defendant
SINCLAIR-DWYER & COMPANY, INC.