DOUGLAS Y. CHRISTIAN (admitted pro hac vice)
MARC J. WEINSTEIN (admitted pro hac vice)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
E-mail: ChristianD@BalardSpahr.com; WeinsteinM@ballardspahr.com

Attorneys for Plaintiff,
MUTUAL HOLDINGS (BERMUDA) LIMITED

MARK JOSEPH KENNEY (State Bar No. 87345)
MAUREEN A. RODGERS (State Bar No. 245876)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
E-mail: mjk@severson.com; mar@severson.com

Attorneys for Defendant
SINCLAIR-DWYER & COMPANY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUTUAL HOLDINGS (BERMUDA) LIMITED,<br><br>            Plaintiff,<br><br>     vs.<br><br>SINCLAIR-DWYER & COMPANY, INC.,<br><br>            Defendant. | Case No.: C07-04505 JL<br><br>**JOINT RULE 26(f) REPORT**<br><br>Conference Date: December 19, 2007<br>Time: 10:30 a.m. |

In accordance with Federal Rule of Civil Procedure 26(f), counsel for Plaintiff, Mutual Holdings (Bermuda) Limited ("Mutual Holdings") and Defendant, Sinclair-Dwyer & Co., Inc. ("Sinclair-Dwyer) met and conferred on November 14, 2007, and submit the following report of their meeting for the Court's consideration:

**1.      Discussion of Claims, Defenses and Relevant Issues:**

**A.      Plaintiff's Claims**

On April 2, 2007, the Supreme Court of Bermuda entered a final judgment against defendant, Sinclair-Dwyer & Company, Inc., in an action brought by plaintiff, Mutual Holdings (Bermuda) Limited.  On August 30, 2007, plaintiff filed the instant action in the Northern District of California to obtain a judgment recognizing the conclusiveness and enforceability of the Bermuda Judgment pursuant to the Uniform Foreign Money-Judgments Recognition Act, as adopted by California and codified at Cal. Civ. Proc. Code §§ 1713, *et seq*.  Plaintiff asserts that the Bermuda Judgment meets the criteria for recognition and enforcement under Cal. Civ. Proc. Code §§ 1713, *et seq*.

Defendant, in its Answer, denies the validity and enforceability of the Bermuda Judgment against it and asserts statutory, procedural and common law defenses in its Answer.  Defendant did not file a counterclaim.

**B.      Defendant's Claims**

Mutual Holdings seeks an order from the Court recognizing the validity and enforceability of a judgment, entered in favor of Mutual Holdings in Bermuda, under the Uniform Foreign Money-Judgments Recognition Act, as adopted by California and codified at Cal. Civ. Proc. Code section 1713, *et seq*., or in the alternative, under principles of international comity.

Sinclair-Dwyer denied each of the plaintiff's allegations regarding the validity and enforceability of the Bermuda judgment, and asserted several affirmative defenses in its answer. Specifically, defendant maintains that the judgment is not enforceable under Cal. Civ. Pro. Code section 1713.4(a)[1] because, among other things: the Bermuda court lacked personal and subject matter jurisdiction; the judgment was rendered under a system without procedures ensuring due process of law; and that enforcement of the judgment would directly contravene California's law

---

[1] Defendant also maintains that the Court should exercise its discretion and not enforce the Bermuda judgment under Cal. Civ. Proc. Code Section 1713.4(b) and 1713.7.

and policies. Defendant also lacks sufficient information to admit or deny that diversity of citizenship exists between the parties, and thus, questions the Court's jurisdiction over the subject matter of the lawsuit.

### C. Relevant Issues

The parties convened a Rule 26 Conference by telephone on November 14, 2007. Defendant's counsel, Mr. Kenney, started the conference call by informing plaintiff's counsel that his client, Sinclair-Dwyer & Company, Inc., *will* be filing a petition for bankruptcy protection under Chapter 11 of the Bankruptcy Code in the first week of December, 2007. Mr. Kenney represented that his client's decision to file for bankruptcy protection *is a certainty*. The parties agreed that, in light of Mr. Kenney's announcement, it did not make sense to engage in further litigation planning immediately.

### 2. Initial Disclosures:

Rule 26 Disclosure Statements have been not been exchanged in anticipation of the defendant's impending bankruptcy filing.

### 3. Formal Discovery:

The parties agreed that there was no immediate need to discuss a discovery plan in light of Mr. Kenney's representation that the defendant will file for bankruptcy protection within the next 20 days.

### 4. Early Settlement or Resolution:

Although the parties agreed to Early Neutral Evaluation in accordance with the ADR Local Rules and filed the appropriate certifications with the Court, it appears unlikely that the parties will engage in Early Neutral Evaluation before the defendant files for bankruptcy protection.

### 5. Trial Date:

The parties agree that the defendant's impending bankruptcy filing will remove or postpones the need for a trial date in this case.

**6.     Certification of Electronic Signature Authority:**

Plaintiff's counsel, Marc J. Weinstein, hereby attests that Defendant's counsel, Maureen A. Rodgers, authorized the use of her electronic signature on this Joint Rule 26(f) Report.

| /s/ Maureen A. Rodgers | /s/ Marc J. Weinstein |
|---|---|
| Mark Joseph Kenney, Esquire | Douglas Y. Christian, Esquire |
| Maureen A. Rodgers, Esquire | Marc J. Weinstein, Esquire |
| Severson & Werson | Ballard Spahr Andrews & Ingersoll, LLP |
| One Embarcadero Center, Suite 2600 | 1735 Market Street, 51st Floor |
| San Francisco, CA  94111 | Attorneys for Plaintiff, |
| Attorneys for Defendant, | Mutual Holdings (Bermuda) Limited |
| Sinclair-Dwyer & Company, Inc. | |

Dated:  November 28, 2007