DOUGLAS Y. CHRISTIAN (admitted pro hac vice)
MARC J. WEINSTEIN (admitted pro hac vice)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
E-mail: ChristianD@BalardSpahr.com; WeinsteinM@ballardspahr.com

Attorneys for Plaintiff,
MUTUAL HOLDINGS (BERMUDA) LIMITED

MARK JOSEPH KENNEY (State Bar No. 87345)
MAUREEN A. RODGERS (State Bar No. 245876)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
E-mail: mjk@severson.com; mar@severson.com

Attorneys for Defendant
SINCLAIR-DWYER & COMPANY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUTUAL HOLDINGS (BERMUDA) LIMITED,<br><br>Plaintiff,<br><br>vs.<br><br>SINCLAIR-DWYER & COMPANY, INC.,<br><br>Defendant. | Case No.: C07-04505 JL<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Conference Date: December 19, 2007<br>Time: 10:30 a.m. |

As required by Civil Local Rule 16-9, Plaintiff, Mutual Holdings (Bermuda) Limited ("Mutual Holdings"), and Defendant, Sinclair-Dwyer & Company, Inc. ("Sinclair-Dwyer"), file this Joint Case Management Statement and Order.

**A.     Jurisdiction and Service**

   **1.     Basis for court's subject matter jurisdiction over plaintiff's claims:** Plaintiff asserts that this Court has jurisdiction of this action under 28 U.S.C. § 1332(a)(2), on the grounds

that the amount in controversy exceeds $75,000 and there is diversity of citizenship between the parties.  Defendant asserted in its answer that it lacks sufficient information or belief to admit or deny whether diversity of citizenship exists between the parties.

    **2.**    **Any issues existing over personal jurisdiction:**  Both parties acknowledge this Court has personal jurisdiction over the parties in this case but defendant denies that the Bermuda court, which issued the judgment the plaintiff seeks to enforce in this Court, had personal jurisdiction over defendant.

    **3.**    **Any issues existing over venue:**  None.

    **4.**    **Parties which have not been served:**  None.

    **5.**    **Additional parties which the parties intend to serve:**  Not applicable.

**B.**    **Facts:**

Mutual Holdings seeks an order from the Court recognizing the validity and enforceability of a judgment, entered in favor of Mutual Holdings in Bermuda, under the Uniform Foreign Money-Judgments Recognition Act, as adopted by California and codified at Cal. Civ. Proc. Code section 1713, *et seq.*, or in the alternative, under principles of international comity.

Sinclair-Dwyer denies that the judgment is valid and enforceable under Cal. Civ. Proc. Code section 1713.4(a), (b), section 1713, and principles of international comity, and has asserted several affirmative defenses in its answer.

**C.**    **Legal Issues:**

Sinclair-Dwyer denies that the Bermuda judgment is valid and enforceable under Cal. Civ. Proc. Code section 1713.4(a), (b), section 1713, and international principles of comity.

Sinclair-Dwyer also will file for Chapter 11 bankruptcy in early December, 2007.

**D.**    **Motions:**

No motions have been filed.

**E.**    **Amendment of Pleadings:**

Due to Sinclair-Dwyer's imminent bankruptcy, the parties do not plan to amend the pleadings.  The parties maintain that no deadline to amend the pleadings is necessary due to defendant's bankruptcy.

**F.     Evidence Preservation:**

Defendant has been advised by counsel to preserve and not destroy or discard materials pertinent to this case.

**G.     Disclosures:**

Rule 26 Disclosure Statements have been not been exchanged due to defendant's impending bankruptcy filing.

**H.     Discovery:**

No discovery has been made, and the parties agreed that there was no immediate need to discuss a discovery plan in light of the defendant's impending bankruptcy.

**I.     Related Cases:**

There are no related cases.

**J.     Relief:**

Plaintiff seeks an order: (1) recognizing and enforcing the Bermuda judgment against Sinclair-Dwyer in the amount of $2,575,105.00 plus costs of the Bermuda action in the amount of $42,426.25 as taxed by the Bermuda Court and interest from April 2, 2007; (2) declaring the Bermuda judgment entitled to recognition under UFMJRA and entitled to enforcement in the U.S. and California; (3) declaring the Bermuda judgment entitled to recognition under principles of international comity.  Plaintiff also seeks costs and disbursements from the Bermuda action and this action.

Defendant denies liability for all damages, as specified in Sections B and C of this Joint Case Management Statement.

**K.     Settlement and ADR:**

Although the parties agreed to Early Neutral Evaluation in accordance with the ADR Local Rules and filed the appropriate certifications and stipulations with the Court, it appears unlikely that the parties will engage in Early Neutral Evaluation before the defendant files for bankruptcy protection.

**L.     Consent to Magistrate Judge for All Purposes:**

Neither party has declined to proceed before a United States Magistrate Judge.

**M.     Narrowing of Issues:**

The parties maintain that a narrowing of the issues is unnecessary at this time due to defendant's impending bankruptcy.

**N.     Expedited Schedule:**

No expedited schedule is necessary at this time due to defendant's impending bankruptcy.

**O.     Scheduling:**

The parties maintain that scheduling discovery is unnecessary at this time due to defendant's impending bankruptcy.

**P.     Trial:**

While plaintiff demanded a jury trial, given defendant's impending bankruptcy, the parties do not request a trial date at this time.

**Q.     Disclosure of Non-party Interested Entities or Persons:**

Defendant certified that it knows of no interested entities or persons.

**R.     Certification of Electronic Signature Authority:**

Plaintiff's counsel, Marc J. Weinstein, hereby attests that Defendant's counsel, Maureen A. Rodgers, authorized the use of her electronic signature on this Joint Rule 26(f) Report.

/s/ Maureen A. Rodgers
Mark Joseph Kenney, Esquire
Maureen A. Rodgers, Esquire
Severson & Werson
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Attorneys for Defendant,
Sinclair-Dwyer & Company, Inc.

/s/ Marc J. Weinstein
Douglas Y. Christian, Esquire
Marc J. Weinstein, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Attorneys for Plaintiff,
Mutual Holdings (Bermuda) Limited

Dated:  November 28, 2007

**CASE MANAGEMENT ORDER**

The "Case Management Statement and Proposed Order" is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders: _____

_____

_____

Dated: _____

_____
UNITED STATES DISTRICT JUDGE